UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Derick Tyler,

    Petitioner,

v.

David Nolan,

    Respondent.

Civil Action No.

**MOTION TO STAY AND HOLD IN ABEYANCE §2254 PETITION FOR HABEAS CORPUS UNTIL PETITIONER HAS FULLY EXHAUSTED SOME OF THE ISSUES PENDING IN HIS HABEAS CORPUS PETITION**

Now comes the petitioner, Derick Tyler, pro se, in the above-entitled civil matter moves this Honroable Court to stay any adjudication on his §2254 petition and hold it in abeyance until he has fully exhausted "some" of the issues now pending in his §2254 petition. See Duncan v. Walker, 121 S.Ct. 2120 (2001).

Upon allowing this motion, the defendant contends that he will provide this court with a monthly status report keeping this court aware of the stages of the proceedings of the state court. Upon the state court proceedings running its course, and if the matter is decided against the defendant, he will immediately return to this court for prompt disposition of this matter.

Wherefore, the petitioner prays that this motion is allowed.

Respectfully Submitted,

Derick Tyler
Derick Tyler, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: 12-5-04

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name Derick Tyler | Prisoner No. W48332 | Case No. |
| Place of Confinement MCI-Cedar Junction | | |
| Name of Petitioner (include name under which convicted) Derick Tyler | Name of Respondent (authorized person having custody of petitioner) v. David Nolan | |
| The Attorney General of the State of: Massachusetts | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Suffolk Superior Court, 90 Devonshire Street, Boston, Ma. 02109

2. Date of judgment of conviction  April 24, 1990

3. Length of sentence  Life without parole

4. Nature of offense involved (all counts)  Premeditated murder/joint venturer

5. What was your plea? (Check one)
   (a) Not guilty         ☒
   (b) Guilty             ☐
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury         ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __Supreme Judicial Court__

   (b) Result __Conviction Affirmed__

   (c) Date of result and citation, if known __418 Mass. 143 (1994)__

   (d) Grounds raised __Motion to suppress identification; ineffective counsel; insufficent evidence of joint venture; instruction error.__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __Suffolk Superior Court__

    (2) Nature of proceeding __Motion for new trial__

    (3) Grounds raised __Ineffective counsel for failure to investigate; Trial counsel's failure to present a plausible alibi defense;__

AO 241 (Rev. 5/85)

Counsel's failure to request an "honest but mistaken" instruction; Counsel's failure to challenge the unsanitized mugshot of the defendant (See attachment 4(a))

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court   Suffolk Superior Court

(2) Nature of proceeding   Motion for new trial

(3) Grounds raised   Errant malice instructions; ineffective appellate counsel; Perjured testimony; Errant manslaughter instruction.
(These grounds are still pending in state court).

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☒   No ☐
(2) Second petition, etc.    Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

The second petition is still ongoing in state court.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Prosecutor knowingly and intentionally used perjured testimony to procure a conviction.

Supporting FACTS (state *briefly* without citing cases or law) Tony Murrell and Derrick Winbush both submitted an affidavit recanting their trial testimony and state that they were coerced into lying against the defendant at his trial by the police and prosecutor, both at the grand jury and subsequent trial proceedings. The defendant is actually innocent of the charges because it is more likely than not, that if the jurors knew of the perjured testimony, they would not have convicted the defendant of the crime as charged.

B. Ground two: The jury instructions permitted an inference of malice on less than a plain and strong likelihood of death.

Supporting FACTS (state *briefly* without citing cases or law): The trial judge erred in his "third prong malice" instruction when he instructed the jury that it could return a murder conviction based on a plain and strong likelihood of grievous bodily harm, and not necessarily death. This errant charge was given both in his charge on first and second degree murder and "had substantial and injurious effect or influence in determining the jury's verdict."

4(a)

Counsel was ineffective for allowing without challenge to cross examine the sole prinicipal witness on his failure or refusal to notify the authorities he was in possession of excuplatory evidence.

AO 241 (Rev. 5/85)

C. Ground three: The judge erroneously instructed the jurors on all three prongs of malice in connection with his instructions on premeditation, and failed to instruct the jury that they must find "first prong malice" in order to find him guilty by means of deliberate premeditation.

Supporting FACTS (state *briefly* without citing cases or law): The judge imporperly instructed the jury on all three prongs of malice, when he failed in his instructions to clearly instruct the jury that they must find "first prong malice" in order to support a conviction of murder in the first degree by reason of deliberate premeditation. The instructions, as given, "had substantial and injurious effect in determining the jury's verdict."

D. Ground four Appellate counsel was ineffective when he failed to argue the errant reasonable doubt instruction on direct appeal denying the defendant his right to effective appellate counsel.

Supporting FACTS (state *briefly* without citing cases or law): Here the trial judge committed reversible error in many instances when giving the instruction. The judge's charge did violence to the constitutional imperative of the charge when he gives mandatory presumptions inapposite to the spirit of the Winship principle. His charge tells the jury that they are to base their deliberation and verdict from what they "feel" is "morally right" and not from an evidentiary and fact-finding function (where the constitution compels).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☒  No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing   Esther J. Horwich, Esq.
        (address unknown)
    (b) At arraignment and plea   N/A

(6)

E. Ground five: Newly Discovered Evidence In The Affidavits of Tony Murrell and Derrick Winbush Supports Relief In The Form That It Establishes "Prosecutorial and Police Misconduct" Where The Prosecutor and Police Procured and Solicited Perjured Testimony To Secure A Conviction of The Defendant.

   Supporting FACTS: At the core of this habeas corpus petition, is the showing that two witnesses whose testimony were central and critical to this case, has now recanted, and states that they were coerced into providing such testimony at the time of trial. Their testimony, and the fact that their testimony has now been recanted is of great significance to this case. This was a case, which was based largely upon "circumstantial evidence." There was no witnesses who claimed to see Mr. Tyler stab Mr. Gomes. There was no compelling forensic evidence linking Mr. Tyler to the stabbing of Mr. Gomes. Without the testimony of Tony Murrell and Derrick Winbush, it is highly unlikely that Mr. Tyler would have ever been required to stand trial, let alone be convicted.

F. Ground six: The Trial Judge Gave Errant And Confusing Voluntary Manslaughter Instructions.

   Supporting FACTS: Inthe beginning of his charge to the jury, the judge stated: "If the Government proves an unlawful killing without malice aforethought, then they cannot have a conviction of murder." (Tr. 4:72). He then contradicts this by saying, "But, if they proved an unlawful killing without malice aforethought, then the jury has the right to <u>consider</u> whether or not they are <u>going to return</u> a verdict of manslaughter. Since malice is the difference between murder or manslaughter, it was error for the judge to say "if an unlawful killing wothout malice was proved, then the jury jas the right to <u>consider</u> finding the defendant guilty of manslaughter." Since the elements of any murder by definition would not exist under these findings, then the jurors would have no other option but to either find the defendant guilty of manslaughter or not guilty at all.

G. Ground seven: Appellate Counsel Was Ineffective When She Failed To Argue Trial Counsel's Failure To Call Linda Brooks Who Would Have Contradicted The Commonwealth's Witnesses And Would Have Impeached Their Credibility On The Facts Of Events.

   Supporting FACTS: Linda Brooks testimony before the grand jury stands in stark contrast to that of both Mr. Winbush and Mr. Murrell. While Mr. Murrell described the whole group as having worn black, Ms. Brooks testified before the grand jury that the whole group was wearing red and white. Additionally, while Mr. Murrell testified that he had observed every one in the group

6(a)

with knives in hand as the group chased the decedent into O'Bierne Place wearing all black, Ms. Brooks' testimony before the grand jury directly contradicts Mr. Murrell's description of both the assailants' clothing and their actions. See (Linda Brooks Grand Jury Testimony).

H. Ground eight: Trial Counsel Was Ineffective When He Failed To Call The Alibi Witnesses Who Were Ready And Available To Testify In The Defendant's Case.

Supporting FACTS: During the trial in this matter, trial counsel represented to the Court that he intended calling all three alibi witnesses, and that he had in fact "an investigator out trying to serve Dana Hines and Darius Hines. (Tr. 1:5-6). Defendant's three prospective alibi witnesses, Dana Hines, Darius Hines and Bernard Scott, all appear on the defendant's list of potential witnesses filed by his trial counsel. Had these witness been called to testify, these witnesses would have testified that on that day of May 22, 1989, the defendant, along with dana Hines, darius Hines and Bernard Scott, had went to the Watertown mall at around 2:00 or 3:00 p.m., and did not return until around 8:00 or 9:00 p.m. that evening.

I. Ground nine: Appellate Counsel Was Ineffective When She Failed To Argue On Direct Appeal Trial Counsel's Error In failing To Request An "Honest But Mistaken" Instruction.

Supporting FACTS: The record clearly supports the proposition that trial counsel should have requested a good-faith error instruction. If requested, the court would have given the charge. Appellate counsel cannot escape responsibility here because she reviewed the transcripts in this matter, but failed to inlcude trial counsel's omission of the good-faith error defense in the defendant's direct appeal.

J. Ground ten: Appellate Counsel Was Ineffective When She Failed To Argue Trial Counsel's Failure To Challenge An Unsanitized Mugshot At The Defendant's Trial.

Supporting FACTS: The record in this case does not support the slightest of beliefs that trial counsel "attacked the composition of the photographic array at trial." The failure to object to the admission in evidence of unsanitized mugshot(s) cannot be a "tactical or strategic decision." Appellate counsel was ineffective for failure to argue this fact on appeal.

K. Groung eleven: Appellate Counsel Was Ineffective For
   Failing To Argue On Direct Appeal Counsel's failure
   To Object To The Prosecution Impeaching The Sole
   Defense Witness For Failing To Notify Authorities
   That He Was In Possession Of Exculpatory Evidence.

   Supporting FACTS: To counteract Derrick Winbush's story, defense counsel called Derrick Younge to the stand. Mr. Younge testified that he had been at the scene but he denied ever seeing Mr. Tyler or Mr. Winbush there. The prosecution, without objection from trial counsel, proceeded to thoroughly impeach Mr. Younge for his failure to come forward with this excuplatory statement earlier, or to otherwise inform the authorities. See (Tr. 3:95; 114-116,118,130-131). Appellate counsel was ineffective for not arguing this fact on direct appeal.

AO 241 (Rev. 5/85)

(c) At trial _____ Michael Collora, Esq. _____

_____ (address unknown) _____

(d) At sentencing _____ Michael Collora, Esq. _____

(e) On appeal _____ Esther J. Horwich, Esq. _____

(f) In any post-conviction proceeding _____ Esther J. Horwich, Esq. _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ Pro se _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_DECEMBER 5, 2004_
(date)

_Derick Tyler_
Signature of Petitioner

(7)