UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **DERICK TYLER** | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **DAVID NOLAN** | ) |
|  | ) |
| Respondent. | ) |

2005 ??? ?? P ?: 08

U.S. ???...

**Civil Action No. 04-12680-NMG**

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF HIS MOTION TO DISMISS
### THE PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED

The respondent, by and through his counsel, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Derick Tyler. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions. The petitioner's conviction became final on September 14, 1994. Because this was prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act, the petitioner was required to file his federal habeas petition within a one-year grace period that expired on April 24, 1997. Moreover, the statute of limitations was not tolled at any point between April 24, 1996 and April 24, 1997. Since this habeas petition was not filed until December 5, 2004--over seven years too late--it must be dismissed as time-barred.

### PRIOR PROCEEDINGS

On July 26, 1989, a Suffolk County grand jury indicted the petitioner for murder in the first degree in violation of G.L. c. 265, § 1. *See* Ex. A at 1, Docket Sheets, *Commonwealth v.*

*Tyler,* SUCR 1989-07996. After a jury trial before Massachusetts Superior Court Associate

Justice John J. Irwin, Jr., the jury returned a guilty verdict on April 24, 1990. *Id.* at 6. Justice

Irwin sentenced the petitioner to life in prison. *Id.* On April 27, 1990, the petitioner filed a

motion for a new trial in the Suffolk County Superior Court and also filed a notice of appeal. *Id.*

On October 28, 1991, Massachusetts Supreme Judicial Court ("SJC") Associate Justice John M.

Greaney stayed the direct appellate proceedings pending the petitioner's filing of a motion for a

new trial. *See* Ex. B at 1, Docket Sheets, *Commonwealth v. Tyler*, SJC-05641. The petitioner

filed a motion for a new trial in the SJC on December 2, 1991; this motion was remanded to the

trial court on December 20, 1991 by SJC Associate Justice Francis P. O'Connor. *Id.* at 1, 2. On

June 9, 1992, Justice Irwin denied the motion for a new trial. *See* Ex. A. at 8. The petitioner filed

a notice of appeal from the denial of his motion for a new trial on June 23, 1992, which was

consolidated with his direct appeal. *Id.* at 9. On June 16, 1994, the SJC affirmed the petitioner's

conviction and the denial of his motion for a new trial. *See* Ex. C, *Commonwealth v. Tyler*, 418

Mass. 143, 634 N.E.2d 912 (1994).

On June 24, 1999, the petitioner filed his second motion for a new trial in the Suffolk

Superior Court, which was denied on June 26, 2001 by Massachusetts Superior Court Associate

Justice Elizabeth B. Donovan. *See* Ex. A at 10, 11. The petitioner filed a motion to reconsider

the denial on July 26, 2001, but that motion was denied on May 23, 2002. *Id.* at 11, 12. The

petitioner then sought leave to appeal the denial of his motion for a new trial from the SJC. The

SJC denied his leave to appeal on September 8, 2004. *Id.* at 12. The petitioner filed his third

motion for new trial on December 27, 2004. *See* Ex. A. at 13. That motion is still pending in the

Suffolk Superior Court.

2

On December 5, 2004, the petitioner filed the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. The petition was stayed from December 29, 2004 until March 25,

2005 so that the petitioner could fully exhaust his claims in the courts of the Commonwealth. The

respondent now files this memorandum of law in support of his motion to dismiss the petition as

time-barred.

## ARGUMENT

### A.   The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.

The petition for a writ of habeas corpus must be dismissed under the statute of limitations

enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2244(d). That provision, which is applicable to federal habeas corpus

petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

"While AEDPA's one-year limit runs from the time that the state court judgment of conviction became final, defendants convicted prior to AEDPA can file their petition within one-year of AEDPA's effective date." *Cordle v. Guarino,* 428 F.3d 46, 48 (1st Cir. 2005) (internal quotation and alterations omitted) (quoting *David v. Hall*, 318 F.3d 343, 344 (1st Cir. 2003)); *see also Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999). AEDPA became effective on April 24, 1996; therefore, the one-year grace period lasted until April 24, 1997.

The SJC affirmed the petitioner's conviction and the denial of his motion for a new trial on June 16, 1994, *see* Ex. C. Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, the petitioner's conviction became final on September 14, 1994. *See* 28 U.S.C. § 2244(d)(1)(A); *Voravongsa v. Wall*, 349 F.3d 1, 2 (1st Cir. 2003) (state conviction is final at expiration of ninety-day period to file petition for certiorari with the United States Supreme Court). Therefore, the petitioner, as a petitioner whose conviction became final before AEDPA's effective date, had until April 24, 1997 to bring his habeas petition. *See* 28 U.S.C. § 2244(d); *Cordle v. Guarino,* 428 F.3d at 48. However, his petition was not filed until December 5, 2004, over seven years after the one-year grace period had expired. The petition therefore is time-barred under the statute of limitations for habeas petitions and must be dismissed. 28 U.S.C. § 2244(d).

**B.    The Limitations Period Was Never Tolled.**

To the extent that the petitioner seeks to rely on the tolling provision set forth in

4

§ 2244(d)(2), his reliance is misplaced. That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . .." 28 U.S.C. § 2244(d)(2). This tolling provision applies to the one-year grace period for petitioners whose convictions became final before AEDPA's effective date. *See Gaskins v. Duval*, 183 F.3d at 10. However, "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." *Cordell v. Guarino*, 428 F.3d at 48 n.4 (alteration in original) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 103 (D. Mass. 2001)). Thus, the petitioner had to file his state court motion during the one-year grace period in order to benefit from § 2244(d)(2) tolling. *Id.* The petitioner filed his motion for a new trial in the Superior Court on June 24, 1999, more than two years *after* the grace period ended and therefore is not entitled to tolling under § 2244(d)(2). *Id.; see also, e.g., Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired).

Moreover, there is no basis for equitable tolling in this case. Although the one-year limitations period in § 2244(d)(1) may be equitably tolled, "equitable tolling...is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Cordle v. Guarino*, 428 F.3d at 48 (quoting *Delaney v. Matesanz*, 264 F.3d at 14). The circumstances must not only be extraordinary but must also be beyond the petitioner's control. *Neverson v. Farquharson,* 366 F.3d 32, 42 (1st Cir. 2004). A petitioner's lack of knowledge of the law or the filing deadline does not constitute extraordinary circumstances justifying equitable tolling. *Cordle v. Guarino*, 428 F.3d at 49. Nor does an error by counsel "in calculating the time limits or advising a petitioner of the appropriate filing deadlines." *Id.* at 48.

5

Nor does the fact that he is a *pro se* petitioner, *see Voravongsa v. Wall*, 349 F.3d at 8, or that he

"has not previously had federal review of [his] state convictions," *Cordle v. Guarino*, 428 F.3d at

49. Equitable tolling "is not available to rescue a litigant from his own lack of due diligence."

*Neverson v. Farquharson*, 366 F.3d at 42. The petitioner took no action regarding his conviction

until June 24, 1999, which was almost five years after his conviction became final and more than

two years after the statute of limitations had expired. *See* Ex. A. at 10. Thus, the petitioner was

not diligent in pursuing his rights and equitable tolling is unavailable. *See Cordle v. Guarino*, 428

F.3d at 49.

Since the petitioner's habeas petition was filed after the statute of limitations had expired

and there is no grounds for tolling the statute, his petition must be dismissed as time-barred.

### Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus should be

dismissed with prejudice.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Jonathan Ofilos
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2634
BBO # 658091

Gregory W. Reilly
Legal Intern
On the Memorandum

Dated: December 14, 2005

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Derick Tyler, on December 14, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Derick Tyler, *pro se*, MCI Souza-Baranowski Correctional Facility, P.O. Box 8000, Shirley, Massachusetts 01464.

Jonathan Ofilos
Assistant Attorney General

# EXHIBIT A

Exhibit A.1

**Commonwealth  vs.**  Derrick Tyler

NO. **079996**

| Offense |
|---|
| Murder In The First Degree |

B

| Attorney | M.Collora, 7-27-89 |
|---|---|
| | E.Horwich |

| Paper No. | Date of Filing | |
|---|---|---|
| 1 | July 26, 1989 | (079996,080162) |
| | | Indictment returned. |
| 2 | | Motion of the Commonwealth for warrant of arrest to issue, filed and allowed. |
| | | Mathers, J. |
| | | Warrant issued. |
| | | Copy of indictment and notice of the finding of indictment sent to the Chief Justice and Attorney General. |
| | | Copy of indictment with notice of finding of indictment and that if would be entered forthwith on docket of this Court sent by Clerk to Sheriff for services on defendant in Common Jail. |
| | July 27, 1989 | Defendant brought into Court. |
| | | Order of notice read - indictment sent to the |
| | | Pleads not guilty. |

(gb)

(OVER)

Exhibit A.1

Exhibit A. 2

| Paper No. | Date of Filing | |
|---|---|---|
| | July 27, 1989 | Defendant committed to jail on mittimus without bail, without prejudice. |
| | | Pre-trial conference report to be filed by August 15, 1989. |
| | | Mittimus issued. |
| 3 | | G. Wilson, AC/M - P. Broker, ADA - D. McLean, Court Reporter - (tms) |
| | Aug. 15, 1989 | M. Collora, Attorney for Defendant. |
| | | Defendant not in Court. |
| | | Pre-trial conference report, filed. |
| | | Continued to October 17, 1989 by agreement for hearing re motion. |
| | | G. Wilson, AC/M - P. Broker, ADA - D. McLean, Court Reporter - (tms) |
| 4 | Oct. 2, 1989 | M. Collora, Attorney for Defendant. |
| | | Defendant files: |
| | | Motion for Criminal Records of prospective witnesses for the Commonwealth; |
| 5 | | Motion for Evidence of flight; |
| 6 | | Motion for Disclosure of identification procedure; |
| 7 | | Motion for Disclosure of exculpatory evidence; |
| 8 | | Motion for Bill of Particulars; |
| 9 | | Motion to Sever. (jv) |
| | | (CONTINUED) |

Exhibit A.3

- 2 -                                                          No. 079996

| Paper No. | Date of Filing | |
|---|---|---|
| | Oct. 17, 1989. | Defendant not in Court. |
| | | Papers #4, 7 and 8 allowed; |
| | | Paper #5 allowed as endorsed. Paper #6 withdraw without prejudice. |
| | | Defendant's request for approval of payment; |
| 10 | | Motion to File late; |
| 11 | | Motion for defendant's statements; |
| 12 | | Motion for defendant's prior Criminal Records and |
| 13 | | Motion for Preservation of original tape recordings each filed and allowed; |
| 14 | | Defendant's Motion for Results of Scientific Tests and |
| | | Motion for Prior Bad Acts of defendant each filed and allowed as endorsed. |
| | | Continued to December 11, 1989 for Status. |
| 15 | Dec. 11, 1989 | Volterra, J. - P. Broker, ADA - Electronic Recording Device - |
| | | M. Collara, Attorney for defendant.                              (jv) |
| | | Defendant not in Court. |
| | | Continued to December 14, 1989 for status. |
| 16 | | G. Wilson. AC/M    P. Broker, ADA - D. McLean, Court Reporter (1av) |
| | Dec. 14, 1989 | Defendant not in Court. |
| | | Continued to February 6, 1990 for hearing re: trial date |
| | | Continued |
| | | Defendant not in Court. |
| | | (Subject to the approval of Irwin, J. ) |
| | | G. Wilson,AC/M - P. Broker, ADA - D. McLean, Court Reporter (1av) |

(OVER)

Exhibit A 4

| Paper No. | Date of Filing | |
|---|---|---|
| | Feb. 6, 1990 | Continued by order of Court to April 3, 1990 re: trial. |
| | | G. Wilson, AC/M - P. Broker, ADA - D. McLean, Court Reporter |
| | | M. Colera, Attorney for defendant |
| | | Defendant not in court - continued to April 10, 1990 for trial. (lav) |
| 17 | Feb. 23, 1990 | G. Wilson, ACM - P. Broker, ADA- D. Jacques, Court Reporter. (rp) |
| 18 | Mar. 22, 1990 | Defendant files: Motion to file late. (rp) |
| 19 | Apr. 4, 1990 | Defendant files: Notice of Alibi. (rp) |
| | Apr. 17, 1990 | Brought into Court. |
| 19 | | Defendant's motion to sever indictments allowed. |
| | | Defendant's motion in limine filed. |
| | | And after hearing continued for further hearing. |
| | | Continued one day for trial. |
| 20 | | Motion in limine to suppress identifications filed. |
| 21 | | Motion for non-suggestive identification procedure filed. |
| | | Irwin, J. - P. Broker, ADA- N. King, Court Reporter. |
| | | M. Colera, attorney for defendant. |
| | Apr. 19, 1990 | Brought into Court. (rp) |
| 22 | | Commonwealth files: Bill of particulars. |
| | | Defendant files: Pro se motion to dismiss appointed attorney and to appoint |
| | | new attorney. After hearing denied. |
| 23 | | Commonwealth moves for trial. Court, Irwin, J. orders (14) jurors impanelled |
| | | (CONTINUED) |

Exhibit A. 5

- 3 -

No. 079996

| Paper No. | Date of Filing | |
|---|---|---|
| | Apr. 19, 1990 | for trial of indictment #079996. View taken. Jury sworn. |
| | | Continued one day for Commonwealth's case in chief. |
| | | Irwin, J.- P. Broker, ADA- N. King, Court Reporter- M. Coloira, attorney for defendant. |
| 24 | | Brought into Court. |
| | | Defendant's motion for non-suggestive identification allowed. (rp) |
| | | Commonwealth commences its case-in-chief. Counsel file agreed stipulation. Voir dire hearing re non-suggestive identification. |
| | | Trial continues. |
| | | Irwin, J.- N. King, Court Reporter. |
| | Apr. 20, 1990 | Brought into Court. |
| | | Court orders that summons issue for a Witness Derek Young. Summons with return of service filed. |
| | | Trial continues with Commonwealth case. |
| | | Commonwealth rests. |
| | | Defendant's motion for required finding of not guilty filed and denied. |
| | | Irwin, J.- N. King, Court Reporter. (rp) |
| | Apr. 23, 1990 | Brought into Court. |
| 25 | | Defendant rests. |
| | | Court appoints juror William Wong as foreperson. |
| | | Upon final submission of this case to the jury and the (14) jurors being present. Court orders jury reduced to (12) deliberating members and the (rp) |

| Paper No. | Date of Filing | |
|---|---|---|
| 26 | Apr. 23, 1990 | names of juror Therese Dukeshire and juror Robert Fazzari were drawn and designated as alternates.<br><br>Deliberation to continue one day.<br><br>Irwin, J- N. King, Court Reporter.<br><br>Brought into Court. Jury continues deliberation.<br><br>Verdict Guilty.<br><br>Verdict affirmed.<br><br>Verdict slip filed.<br><br>Commonwealth moves for sentencing.<br><br>M.C.I., Cedar Junction - Life.<br><br>Defendant notified of right to appeal to the Appellate Division.<br><br>Defendant deemed to have served 284 days awaiting disposition.<br><br>Victim/Witness fee of $50.00 imposed.<br><br>Mittimus issued.<br><br>Irwin, J - P. Broker, ADA- N. King, Court Reporter-<br><br>M. Collora, attorney for defendant. | (rp) |
| 27<br>28<br>29<br>30 | Apr. 27, 1990 | Defendant files:<br><br>Motion for a new trial.<br><br>Motion for transcript.<br><br>Motion to withdraw.<br><br>(Irwin, J. notified with copies)<br><br>Notice of Appeal filed. | (rp) |

Exhibit A. 6

Exhibit A. 7

No. 079996

| Paper No. | Date of Filing | -4- |
|---|---|---|
| 31 | May 7, 1990 | Copy of notice of appeal mailed to Irwin, J and P.Broker, ADA |
| | *See later intervening entry. | Letter sent to Court Reporters D.McLean and N.King for preparation of the transcripts. |
| | June 7, 1990 | Certificate of Clerk-filed. |
| | | Assessment in the amount of $50. paid to victim/witness assistance fund in accordance with M.G.L. Chapter 158B, Section 8. |
| | * May 21, 1990 | One original transcript of evidence delivered to Clerk by N. King, Court Reporter. |
| | June 20, 1990 | one original transcript of evidence delivered to Clerk by N. King, Court Reporter. |
| | July 10,1990 | One original transcript of evidence delivered to Clerk by D. McLean, Court Reporter. |
| | Aug. 24, 1990 | After hearing before Irwin, J.,sitting in Barnstable, no action taken on defendant's motion for new trial. Defendant's motion for transcript (#28), allowed. Motion of defendant's counsel to withdraw (#29), allowed. |
| | Oct. 1, 1990 | Court appoints Committee for Public Counsel to represent defendant. |
| 32 | Oct. 15, 1990 | Notice sent to attorneys that trancripts are available. |
| | Oct. 15, 1990 | Certificate of delivery of transcript by Clerk filed. |
| | Oct. 15, 1990 | Second notice sent to C.P.C.S. Re: Trancripts. |
| 33 | Feb. 22, 1991 | Defendant Pro Se: Motion for New Counsel filed ans allowed. |
| | March 6, 1991 | Letter sent to Attorney Newman Re: Transcripts. |

(over)

Exhibit A. 8

| Paper No. | Date of Filing | |
|---|---|---|
| 34 | April 2, 1991 | Second request sent to Attorney Newman Re: Transcripts. |
|  | May 8, 1991 | Certificate of delivery of transcript by Clerk-filed. |
|  | May 13, 1991 | Notice of completion of assembly of record sent to Clerk of Supreme Judicial Court and attorneys for Commonwealth and defendant. |
| 35 |  | Two certified copies of docket entries, original and copy of transcript, two copies of exhibit list and list of documents, each transmitted to Clerk of Appellate Court. |
|  | Dec. 30, 1991 | (P. Broker, ADA, D. Mark, ADA and E. Horwich, attorney)  (r²) |
|  |  | Certified copy from Supreme Judicial Court O'Connor J., received re: Order filed and "Motion to remand to the Trial Court allowed. |
|  | Mar. 30, 1992 | (P. Broker, ADA and E. Horwich, attorney each notified.)  (r²) |
|  |  | Brought into Court. |
|  |  | Hearing re: Motion to supplement the record. |
|  |  | Hearing on defendant's motion for new trial each taken under advisement. |
|  |  | Court allows Counsel to file additional affidavits by April 6, 1992.  Irwin, J.- P. Broker, ADA- N. King, Court Reporter. |
| 36 | April 6, 1992 | E. Horwich, attorney for defendant.  (r²)  Affidavit of attorney Michael Collora filed. |
| 37 | June 9, 1992 | Findings of fact, rulings of law and order on defendant's motion for new trial filed."Motion for new trial denied." Irwin, J.  (r²)  (E. Horwich, attorney and P. Broker, ADA each notified with copy) |

Exhibit A.9

-5-

No. 079996

| Paper No. | Date of Filing | |
|---|---|---|
| 38 | June 23, 1992 | Defendant files: Notice of Appeal of denial of defendant's motion for a New Trial; |
| 39 | July 8, 1992 | Copy of notice of appeal mailed to Irwin, J and P.Broker, ADA |
| | | Letter sent to Court Reporter N.King for preparation of the transcript. |
| | | Certificate of Clerk-filed. |
| 40 | Oct. 14,1992 | Court, Irwin,J., enters following order denying Defendant's Motion to Supplement the Record. "I have no memory of the events in the Motion and Affidavit and I am certain that they were never brought to my attention. Accordingly, the Motion is denied." Irwin,J. |
| | | (Attorney Horwich notified with copy) |
| 41 | April 27, 1993 | One original transcript of evidence delivered to Clerk by N.King, Court Reporter. |
| 42 | April 29, 1993 | Notice sent to attorneys that transcripts are available. |
| 43 | May 3, 1993 | Certificate of delivery of transcript by Clerk-filed. |
| | May 4, 1993 | Certificate of delivery of transcript by Clerk-filed. |
| | May 10, 1993 | Notice sent to attorneys that transcript of January 21, 1992 is available. |
| | May 12, 1993 | Certificate of delivery of transcript by Clerk-filed. |
| | May 12, 1993 | Certificate of delivery of transcript by Clerk-filed. |
| | May 26, 1993 | Notice of completion of assembly of record sent to Clerk of Supreme Judicial Court and attorneys for Commonwealth and defendant. |
| | | Two Certified copies of docket entries, original and copy of transcript, |

Exhibit A. 10

| Paper No. | Date of Filing | Clerk of Appellate Court. |
|---|---|---|
| | May 26, 1993 | (P. Broker, ADA, K. McMahon, ADA, E. Horwich, attorney for defendant) (rp) |
| 44 | July 18, 1994 | Rescript received from "The Supreme Judicial Court" Judgement Affirmed. Order denying motion for a new trial affirmed, filed. (E. Horwich, attorney and P. Broker, ADA each notified) (rp) |
| 45 | DEC. 16, 1994 | Deft Files Pro Se: Motion for discovery to support his post conviction moton. |
| 46 | June 24, 1999 | Deft files pro se: Motion for new trial affidavit and memorandum of law in support of. |
| 47 | August 21, 2000 | (Donovan, RAJ notified with copy) Defendant files Pro Se Motion to Expedite Proceedings. (Donovan, J notified w/copy of motion and updated docket sheets. |
| 48 | August 30, 2000 | Defendant files Motion for Extra fees and costs (Donovan, J notified 10/26/00) (Spurlock, RAJ notified with copies of Papers #46, 47 and 48 along with updated docket sheets) |
| 49 | November 13, 2000 | Case assigned to Justice Donovan. Spurlock, RAJ (dw) |
| 50 | November 29, 2000 | Order requiring Commonwealth to file opposition to defendant's motion for new trial within 45 days, filed. Donovan, J (R. Martin, DA notified 11/29/00) (dw) |
| | December 12, 2000 | P#48 denied as endorsed. Donovan, J (sent 12/19/00) notice (dw) |
| | January 16, 2001 | Defendant files pro se: motion to waive DNA assessment fee of $110.00 - affidavit in support thereof. (Donovan, J notified w/copy 1/23/01) (dw) |
| 51 | February 5, 2001 | Copy of P#10 endorsed on 1/26/01 "deft must file a copy of his canteen account for the past year before I shall rule on the motion." Donovan, J. (deft pro se notified) (dw) |
| | February 5, 2001 | Deft files pro se: motion to expedite ruling on motion for new trial. (Donovan, J notified w/copy) (dw) |

Exhibit A.11

Commonwealth vs.

-6-

NO. 079996

| Paper No. | Date of Filing | | Attorney |
|-----------|----------------|---|----------|
| 52 | March 12, 2001 | Defendant files pro-se: copy of his canteen account. | (ts) |
| 53 | March 27, 2001 | Defendant files pro-se: amended motion for new trial. | (ts) |
|  | March 27, 2001 | Defendant files pro-se: motion for leave to amend new trial motion. | (ts) |
|  |  | (Donovan, J. & R. Martin, DA notified 4/5/01) |  |
| **54 | Apr. 12, 2001 | Copy of Paper No. 50 endorsed on April 10, 2001 allowed, Donovan, J. | (kh) |
| 55 | May 25, 2001 | Defendant files: motion to withdraw complaint of DNA Assessment fee. | (ts) |
|  | June 26, 2001 | Memorandum of Decision and Order Denying defendant's motion for a new trial, filed. | (ts) |
|  |  | (Defendant & Peter Flaherty, notified w/copy 7/10/01.) |  |
| 56 | April 30, 2001 | Commonwealth files: opposition to defendant's motion for new trial.** | (ts) |
| 57 | July 26, 2001 | Defendant files pro se: Motion for ruling on motion for leave to amend motion for new trial and amended motion for new trial with affidavit and amendments. | (ap) |
| 58 | July 26, 2001 | Defendant files pro se: Motion for reconsideration of memorandum of decision and order on the defendant's motion for new trial, with affidavit.(Donovan, J and P. Flaherty, ADA notified with copies of P#56 and #57 on 8/14/01) | (ap) |
|  | Jan. 3, 2002 | Order requesting Commonwealth reponsse to defendant's post-conviction motions (P#56&57) filed. Donovan, J. (J. Sullivan, ADA notified with copies by hand this date) | (rp) |

Exhibit A. 12

| Paper No. | Date of Filing | |
|---|---|---|
| 59 | Jan. 10, 2002 | Commonwealth files: |
| | | Notice of appearance and statement of opposition to defendant's motion for leave to amend. |
| | | his motion for a new trial and his amended motion for new trial. |
| | | (Donovan, J. and defendant each notified each.) | (rp) |
| | Jan. 31, 2002 | Copy of motion #59 returned to Clerk's office with the following indictment by Donovan, J. |
| | | "This statement is insufficient to file an opposition to the legal and factual issues raised |
| | | by the defendant." (L. Reidel, ADA and defendant each notified with copy of endorsement) | (rp) |
| | March 6, 2002 | Commonwealth's motion for extension of time to respond to defendant's motion for leave to |
| | | amend his motion for a new trial and his amended motion for new trial, filed. |
| | | (Donovan, J. notified incl. w/docket sheets 3/8/02). | (ts) |
| | Mar. 13, 2002 | Commonwealth's motion #60 allowed as endorsed on copy filed. |
| | | (L. Reidel, ADA and defendant each notified with copy of endorsement) | (rp) |
| | May 8, 2002 | Commonwealth files: Opposition to defendant's amended motion for new trial and motion for |
| | | reconsideration of denial of motion for new trial. |
| | | (Donovan, J. with copy of motion and docket sheets) | (rp) |
| 62 | May 23, 2002 | Memorandum of Decision and Order Denying Defendant's Motion to Amend and for Reconsideration |
| | | and Amended Motion.  Donovan, J.  (Defendant & L. Reidel, ADA notified 6/5/02) | (ts) |
| 63 | May 31, 2002 | Defendant files pro-se: motion for enlargement of time & affidavit. |
| | | (Donovan, J. notified 6/19/02) | (ts) |
| | Sep. 8, 2004 | Notice of docket entry received from the S.J.C., memorandum of decision and Judgement "The |
| | | petition is therefore denied." Sosman, J. | (rp) |

(CONTINUED)

Exhibit A. 13

No.079996

-7-

| Paper No. | Date of Filing | |
|---|---|---|
| 65 | Dec. 27, 2004 | Defendant files Prose:<br><br>Motion to waive filing fees and Court Costs;<br><br>Motion to Proceed in Forma Pauperis and affidavit in support of; |
| 66 | | Motion to Appoint Counsel; |
| 67 | | Motion for an evidentiary hearing; |
| 68 | | Motion for release from unlawful restraint, for new trial, for post-trial, discovery<br>and hearings and memorandum in support of and affidavits in support of. |
| 69 | | (Donovan, J. notified with copies and dockets)<br>Commonwealth's notice of appearance and statement of opposition to defendant's motion<br>for new trial and for appointment of counsel, filed. (Donovan, J. notified w/copies 1/31/05)   (ts. |
| 70 | January 25, 2005 | Defendant's motion to waive filing fees and court costs (P#65) is allowed. Defendant's motion<br>to proceed in forma Pauperis (P#66) is allowed. Defendant's motion to appoint counsel (P#67)<br>is allowed. Case is referred to CPCS for review. The cout takes no action at this time<br>(re: P#68+69) Motion for an evidentiary hearing on motion for release from unlawful |
| | June, 28 2005 | restraint. Donovan J (NAC sent, defendant notified)<br><br>                                (ews) |

(rp)

EXHIBIT B

# SUPREME JUDICIAL COURT
## for the Commonwealth
### Case Docket

## COMMONWEALTH vs. DERRICK TYLER
SJC-05641

## CASE HEADER

| | | | |
|---|---|---|---|
| **Case Status** | Decided (Full Opinion) | **Status Date** | 06/16/1994 |
| **Nature** | Murder1 appeal | **Entry Date** | 05/13/1991 |
| **Appellant** | Defendant | **Case Type** | Criminal |
| **Brief Status** | | **Brief Due** | |
| **Quorum** | Wilkins, C.J., Nolan, Lynch, Greaney, JJ. | | |
| **Argued Date** | 05/05/1994 | **Decision Date** | 06/16/1994 |
| **AC/SJ Number** | | **Citation** | 418 Mass. 143 |
| **DAR/FAR Number** | | **Lower Ct Number** | |
| **Lower Court** | Suffolk Superior Court | **Lower Ct Judge** | John J. Irwin, Jr., J. |
| **Route to SJC** | Direct Entry: Murder 1 | | |

## ADDITIONAL INFORMATION

Exhibits: Trial Court list.

Transcripts received: 6 vols., 2 sets.

Exhibit(s) logged: Rec'd. paper Exhs. 1 -12 and Exh 13 sweater/ Exh 14 T-Shirt (both in plastic bag) To Author.

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Commonwealth**<br>Plaintiff/Appellee<br>Red brief filed<br>15 Main Br.<br>4 Extensions, 111 Days | Paul B. Linn, A.D.A.<br>Katherine E. McMahon, A.D.A. |
| **Derrick Tyler**<br>Defendant/Appellant<br>Blue brief & appendix filed<br>15 Main Br., 15 App.<br>4 Extensions, 847 Days | Esther J. Horwich, Esquire |

## DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 05/13/1991 | #1 | Entered. |
| 06/18/1991 | #2 | MOTION to extend to 8/19/91 filing of brief for Derrick Tyler by Atty Esther J. Horwich. |
| 06/18/1991 | | ORDER: Motion P#2 allowed. Notice to counsel. |
| 08/14/1991 | #3 | MOTION to extend to 10/31/91 filing of brief for Derrick Tyler by Atty Esther J. Horwich. |
| 08/14/1991 | | ORDER: Motion P#3 allowed. Notice to counsel. |
| 10/28/1991 | #4 | MOTION for stay of appeal, filed for Derrick Tyler (pending filing of a motion for new trial by Nov. 31. |
| 10/28/1991 | | ORDER to stay proceedings pending filing of a motion for new trial by Nov. 31; counsel are directed to report every 90 days by letter as to the status of the motion for new trial (Greaney, J., 11-12-91). Notice to counsel. |
| 12/02/1991 | #5 | MOTION for new trial, filed for Derrick Tyler by Esther Horwich. |

| | | |
|---|---|---|
| 12/05/1991 | #6 | ORDER OF REFERENCE of motion P#5 to single justice for determination. (By the Court) |
| 12/19/1991 | #7 | MOTION of Derrick Tyler to supplement the record on appeal. |
| 12/19/1991 | #8 | MOTION of defendant to remand to the trial court the Motion for New supplement, filed by Derrick Tyler. |
| 12/20/1991 | #9 | ORDER OF REFERENCE of motion P#8 to single justice for determination. (By the Court) |
| 12/20/1991 | #10 | ORDER: Motion P#9 allowed; Motion for New Trial and Motion to Expand the Record remanded to trial court (O'Connor, J.). |
| 04/29/1992 | #11 | STATUS LETTER from Atty. Horwich: "Mr. Tyler's Motion for New Trial has been taken under advisement by Judge Irwin and the matter remains pending in the trial court." |
| 07/24/1992 | #12 | Status letter from Atty. Horwich: Defendant Tyler's motion for new trial was denied by Judge Irwin on 6/9/92; we are still awaiting a determination on the motion to supplement the record. |
| 10/19/1992 | #13 | Status letter from Atty. Horwich: Defendant's motion to supplement the record was denied in Suffolk Superior Court; a notice of appeal has been filed, and transcripts have been ordered; defense counsel will move to consolidate the denial of the post-trial motions with the appeal on the conviction. |
| 01/20/1993 | #14 | Status letter from Atty. Horwich: ...defendant continues to wait for the appeal from the denial of his Motion for New Trial to be docketed. Once the appeal has been docketed, it is his intention to move to consolidate that case with the present appeal. |
| 04/21/1993 | #15 | Status letter from Esther J. Horwich, Esquire: The defendant continues to wait for the appeal from the denial of his Motion for New Trial to be docketed; once docketed, it is his intention to consolidate that appeal with the present appeal. |
| 05/26/1993 | #16 | APPEAL ON DENIAL OF MOTION FOR NEW TRIAL. Brief/Appendix for defendant/appellant due 7/6/93; Brief for appellee due 8/5/93. Notice to counsel. |
| 07/02/1993 | #17 | MOTION to extend to 09/20/93 filing of brief of Defendant/Appellant Derrick Tyler by Esther J. Horwich, Esquire. ALLOWED. Notice to counsel. |
| 09/17/1993 | #18 | MOTION to extend to 10/18/93 filing of brief of Defendant/Appellant Derrick Tyler by Esther J. Horwich, Esquire. ALLOWED. Notice to counsel. |
| 10/18/1993 | #18.5 | MOTION to exceed page limit, filed for Derrick Tyler by Esther J. Horwich, Esquire. ALLOWED. |
| 10/18/1993 | #19 | SERVICE of brief & appendix for Defendant/Appellant Derrick Tyler by Esther J. Horwich, Esquire. |
| 11/03/1993 | #20 | MOTION to extend to 01/04/94 filing of brief of Plaintiff/Appellee Commonwealth by Paul B. Linn, A.D.A.. ALLOWED. Notice to counsel. |
| 12/28/1993 | #21 | MOTION to extend to 02/04/94 filing of brief of Plaintiff/Appellee Commonwealth by Paul B. Linn, A.D.A. ALLOWED. Notice to counsel. |
| 01/26/1994 | #22 | MOTION to extend to 03/04/94 filing of brief of Plaintiff/Appellee Commonwealth by Paul B. Linn, A.D.A., Katherine E. McMahon, A.D.A. ALLOWED - No further extensions; this case is scheduled for argument in May. Notice to counsel. |
| 03/09/1994 | #23 | MOTION to extend to 03/08/94 filing of brief of Plaintiff/Appellee Commonwealth by Paul B. Linn, A.D.A. ALLOWED. |
| 03/08/1994 | #24 | SERVICE of brief for Plaintiff/Appellee Commonwealth by Paul B. Linn, A.D.A. |
| 05/05/1994 | | Oral argument held. (W N LY G). |
| 06/16/1994 | #25 | RESCRIPT (Full Opinion): Judgment affirmed. Order denying motion for a new trial affirmed. Reasons as on file. Notice to counsel. |

As of 08/18/2005 13:15

EXHIBIT C

**\*912** 634 N.E.2d 912

418 Mass. 143

Supreme Judicial Court of Massachusetts,
Suffolk.

**COMMONWEALTH**
v.
**Derrick TYLER.**
Argued May 5, 1994.

Decided June 16, 1994.

Defendant was convicted in the Superior Court Department, John J. Irwin, Jr., J., of first-degree murder, and he appealed. The Supreme Judicial Court, Nolan, J., held that: (1) in-court and photographic identifications of defendant were not suggestive, and (2) trial counsel's closing argument concerning testimony of prosecution's witness was not ineffective.

Affirmed.

West Headnotes

[1]    Criminal Law ☞339.7(3)

110 ----
110XVII Evidence
110XVII(D) Facts in Issue and Relevance
110k339.5 Identity of Accused
110k339.7 Photographs and Drawings
110k339.7(3)    Manner    of    Exhibition;
Suggestiveness.

Photographic identification of murder defendant was not suggestive where witness recognized defendant from array in photograph book at police station shortly after day of murder, without attention being directed to defendant's photograph, and witness knew defendant for a year, saw defendant on day of murder and drove him to area of attack.

[2]    Criminal Law ☞339.9(1)

110 ----
110XVII Evidence
110XVII(D) Facts in Issue and Relevance
110k339.5 Identity of Accused
110k339.9 In-Court Identification in General
110k339.9(1) In General.

Courtroom identification of murder defendant was untainted where, during voir dire, identification witnesses picked defendant, who was black male, out from among several spectators, including several black males.

[3]    Criminal Law ☞641.13(2.1)

110 ----
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(2) Particular Cases and Problems
110k641.13(2.1) In General.

Trial counsel's closing argument in murder trial concerning testimony of prosecution's witness was not ineffective where trial counsel tried to discredit witness, pointing to weaknesses in his testimony, and to his criminal record, drug use, and favorable treatment by police.

[4]    Criminal Law ☞641.13(2.1)

110 ----
110XX Trial
110XX(B) Course and Conduct of Trial in General
110k641 Counsel for Accused
110k641.13 Adequacy of Representation
110k641.13(2) Particular Cases and Problems
110k641.13(2.1) In General.

Trial counsel in murder case was not ineffective in failing to request self-defense instruction where evidence did not suggest even hint of that defense.

[5]    Homicide ☞1207

203 ----
203IX Evidence
203IX(G) Weight and Sufficiency
203k1207 Parties to Offense.

(Formerly 203k234(3))

Jury's finding of joint venture was warranted where evidence unequivocally pointed to fact that murder defendant was leader of gang that murdered victim.

**\*913** Esther J. Horwich, Boston (Steven J. Brooks with her), for defendant.

Paul B. Linn, Asst. Dist. Atty., for Com.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

Before WILKINS, NOLAN, LYNCH and GREANEY, JJ.

[418 Mass. 144] NOLAN, Justice.

The defendant was indicted, tried, and found guilty of murder in the first degree. The defendant's motion for a new trial was denied. There was no error. We review his conviction pursuant to G.L. c. 278, § 33E (1992 ed.), and we leave it undisturbed.

A jury were warranted in finding that Scott Gomes, the victim, was attacked and stabbed to death by a group of young men in the Roxbury section of Boston on May 22, 1989. Dana Fisher was driving his Suzuki Sidekick vehicle on Normandy Street in Roxbury when the defendant called out Fisher's name and asked for a ride to Dale Street, the location of which Fisher was uncertain. The defendant said that he would show Fisher the way. Fisher agreed and the defendant, with several other men, climbed into the vehicle. The defendant sat in the front passenger seat and directed Fisher to stop on Dale Street near Washington Street. One of the men in the back seat yelled, "There's Scottie." Thereupon, all the men except Fisher, the driver, jumped out of the vehicle and ran in the direction of Dale and Regent Streets where Scott Gomes was talking to a man called "Deek." A man named Tony Murrell, standing near Scott Gomes, saw the vehicle with "about eight" men in it and the defendant in the front passenger seat.

When Gomes saw the vehicle, he began to run and the men who had jumped from the vehicle pursued him up Dale Street toward Washington Park. While running, the men were "flicking knives out." The defendant was leading the charge with a knife in his hand. They captured Gomes, stabbed him repeatedly and ran off, leaving Gomes "covered in blood." The defendant and the other men were observed "making little cheering noises" after the attack with knives still in their hands. There was blood on the defendant's knife after the attack.

The autopsy revealed a knife wound to the chest, piercing the heart and seven other knife wounds, two shallow wounds to the back and thigh and five defensive wounds to the hands.

We shall address each of the defendant's claims of error.

[418 Mass. 145] [1] 1. *Identification procedure.* The defendant claims error in the identification procedure. The judge was warranted in finding that there was nothing suggestive in the photographic identification by Fisher who saw the defendant on the day of the murder, drove him to the area of the attack, had known the defendant about one year and "knew him to recognize him." Fisher recognized and identified a photograph of the defendant from an array in a photograph book at the police station shortly after the day of the murder. No one directed his attention to the defendant's photograph.

[2] The judge was also warranted in concluding that the selection of the defendant's photograph from an array at the police station by other witnesses was similarly untainted and that the courtroom identification by witnesses was untainted. During voir dire, the identification witnesses picked the defendant out from among several spectators. The trial judge, who heard the motion for a new trial, noted that the defendant, who is a black male, was seated in the rear of the courtroom where there were several black males among the spectators.

Great precaution was taken to provide for a fair identification. The judge was warranted in concluding that the defendant failed to demonstrate any suggestiveness. See *Commonwealth **914. v. Holland,* 410 Mass. 248, 253, 571 N.E.2d 625 (1991) To view preceding link please click here , and cases cited.

The defendant's motion for a new trial was based on the same arguments of suggestiveness. For the same reasons, we hold that there was no error in the denial of the motion for a new trial.

[3] 2. *Ineffective assistance of counsel.* The defendant argues that trial counsel's closing argument concerning the impact of the testimony of a Commonwealth witness was ineffective. There is no merit to this argument because trial counsel tried valiantly to discredit the witness, pointing out weaknesses in his testimony, his criminal record, drug use, and favorable treatment by police.

[4] There is no merit to the defendant's assertion that trial counsel in his closing argument suggested a lower burden of [418 Mass. 146] proof than proof beyond a reasonable doubt. Nor was trial counsel ineffective in not requesting a self-defense instruction where the evidence did not suggest even a hint of it. See *Commonwealth v. Blake,* 409 Mass. 146, 158, 564 N.E.2d 1006 (1991), and cases cited.

All other arguments of ineffective assistance of counsel are similarly without merit.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

634 N.E.2d 912, 418 Mass. 143, Com. v. Tyler, (Mass. 1994)                                                      **Page 3**

[5] 3. *Joint venture.*    The evidence points unequivocally to the fact that the defendant was the leader of the gang that murdered Gomes.  The jury were warranted in finding a joint venture.

4. *Supplemental instructions.*    The defendant did not object to the judge's supplemental instructions to the jury, see *Commonwealth v. Colon-Cruz,* 408 Mass. 533, 559-560, 562 N.E.2d 797 (1990), nor raise the question in his motion for a new trial, see *Commonwealth v. McLaughlin,* 364 Mass. 211, 229, 303 N.E.2d 338 (1973).  Furthermore, the judge's supplemental instructions were clearly correct on the question of the difference between murder in the first

degree and murder in the second degree.

5. *Supplementation of the record.*    There is no authority to support the defendant's claim that the judge should have supplemented the record.

6. *Statutory review.*    There is nothing in the record of this case which persuades us to grant relief under G.L. c. 278, § 33E.

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*

© 2005 Thomson/West. No claim to original U.S. Govt. works.