UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Derick Tyler,

    Petitioner,

v.

David Nolan,

    Respondent.

Civil Action
No. 04-12680-NMG

**PETITIONER'S RESPONSE TO RESPONDENT'S MOTION
TO DISMISS HABEAS CORPUS AS TIME-BARRED**

    The Petitioner, Derick Tyler, in response to the Respondent's motion to dismiss his petition as time-barred, submits that this Court should deny the Repsondent's motion and compel the Respondent to file an opposition ti the substantive claims in his 28 U.S.C. § 2254 petition, whereas Petitioner's § 2254 Petition is "properly filed" and "timely" to be heard on its merits.

    Any properly filed collateral challenge to the judgment tolls the time to seek federal collateral review. See Carter v. Litscher, 275 F.3d 663, 665 (7th Cir. 2001). Only a "properly filed" application for state post-conviction review will toll the one-year limitation period. Smith v. Walls, 276 F.3d 340, 343 (7th Cir. 2002).

    [W]hether an application for state post-conviction relief is "properly filed" depends not on the merits of the application but rather on its compliance with formal

filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Smith v. Walls, 276 F.3d, at 343 (citing Artuz v. Bennett, 121 S.Ct. 361 (2000)).

The petitioner, Derick Tyler, asserts that the Respondent's motion to dismiss his Peition as time-barred should be denied.

Here, contrary to the Respondent's contentions, the Petitioner did not file his "first" "collateral attack" on his conviction until June 24, 1999. That motion was denied on the merits on June 26, 2001. The Petitioner filed a timely appeal to the Massachusetts Supreme Judical Court, and the Supreme Judicial Court denied his appeal on September 8, 2004. Shortly afterwards, the Petitioner filed his § 2254 Petition seeking federal relief. This made his appeal pursuant to 28 U.S.C. § 2254 "properly filed" and timely. See 28 U.S.C. § 2244(d)(2).

The Petitioner here, in the case at bar, only filed one new trial motion which was decided on its merits before seeking federal review. While he was in the process of filing his § 2254 petition, he received newly discovered evidence in the form of two affidavits of two critical witnesses recanting their trial testimony stating that they had lied at trial and that the police and prosecutor were

behind the deception to convict the petitioner on false testimony and evidence. The petitioner added the claim that he is actually innnocent with the new evidence to his § 2254 Petition, and moved to stay his § 2254 Petition along with his original claims brought forth in his "first" collateral attack so that the state court can have the first opportunity to correct the constitutional error.

Meaning the Petitioner "properly filed" an application for state post-conviction as required by § 2244(d)(2). thus, an application is "properly filed" when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings" regardless of whether the state court later dismissed it as procedurally barred, Walls, 276 F.3d, at 343, whereas in this case the petitioner's claims were not dismissed as procedurally barred.

In Massachusetts, a motion judge has no discretion to deny a motion for release from unlawful restraint, pursuant to Mass. R. Crim. P. 30(a), where the motion presents a sufficient showing of either constitutional defective instructional error, Commonwealth v. Repoza(II), 400 Mass. 516, cert. denied, 484 U.S. 935 (1987): Commonwealth v. Haggerty, 400 Mass. 437 (1987). In deciding such motions, Mss. R. Crim. P. 30(b) requires, as a matter of law, that the motion judge "make such findings

of facts as are necessary to resolve the defendant's allegations of errors of law." Commonwealth v. Grace, 397 Mass. 303 (1986).

Massachusetts does not impose any filing preconditions for Rule 30 motions for new trial, making the petitioner's § 2254 Petition "properly filed" because his state appeal conforms to Massachusetts formal filing requirements. Compare Smith v. Walls, 276 F.3d 340. A criminal defendant in Massachusetts can file a Rule 30(b) motion at "any time" to challenge his conviction. See Mass. R. Crim. P. 30(b). Since the petitioner's appellate attorney filed his so-called first Rule 30(b) motion "before" his direct appellate review and then filed his direct appeal to the Supreme Judicial Court which were both denied in Commonwealth v. Tyler, 418 Mass. 143 (1994), does not require that Mr. Tyler had to file his federal appeal within the one year grace period after the implementaion of the AEDPA. Mr. Tyler has not raised any of the claims that were raised in his direct appeal to this court. Mr. Tyler has raised new claims that were discovered after his direct appeal making his § 2254 petition "timely" and not time-barred.

The peitioner's time under § 2244(d)(1) does not start running until he appeals his conviction and the appeals process has run its course. See Gaskins v. Duval, 183

F.3d 8 (1st Cir. 1999). In <u>Gaskins</u>, the petitioner filed his § 2254 petition after "properly filing" collateral attack motions with the state. The federal district court deinied Gaskins petition as being "time-barred" because the district court judge ruled that the tolling provisions did not apply. The First Circuit Court of Appeals reversed ruling that "[a]pplying the tolling provision encourages respect for the principle of comity and compliance with the requirement that, ordinarily, a state prisoner must first exhaust his state court remedies before seeking federal habeas relief. <u>Gaskins</u>, 183 F.3d, at 10. That is just what the Petitioner did here. He has brought forth the claims to this court that were raised in his "properly filed" post-conviction motions for new trial and seeks relief on those claims "only." The Respondent is overlooking 28 U.S.C. § 2244(d)(2). Therefore, the respondent's motion should be denied.

                                     Respectfully Submitted,

                                     *Derick Tyler*
                                     Derick Tyler, pro se
                                     S.B.C.C.
                                     P.O. Box 8000
Dated: 1-29-06                       Shirley, Ma. 01464

### CERTIFICATE OF SERVICE

I, Derick Tyler, certify that I caused a copy to be served on: Jonathan Ofilos, Assistant Attorney General, One Ashburton Place, Boston, Ma. 02108, by first class mail, postage prepaid.

                                     *Derick Tyler*
                                     Derick Tyler, Pro se
Dated: 1-29-06