United States District Court
District of Massachusetts

|  |  |
|---|---|
| DERICK TYLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 04-12680-NMG |
| ) | |
| DAVID NOLAN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & ORDER**

GORTON, J.

The pro se petitioner, Derick Tyler ("Tyler"), is currently incarcerated at MCI Souza-Baranowski Correctional Facility in Shirley, Massachusetts, on a sentence of life imprisonment for first-degree murder. Tyler was indicted in July, 1989 and convicted after a jury trial in April, 1990, whereupon he filed a timely motion for a new trial and notice of appeal. The motion for a new trial was denied in June, 1992. Two years later, in June, 1994, the Massachusetts Supreme Judicial Court ("SJC") affirmed Tyler's conviction and the denial of his motion for a new trial. See Commonwealth v. Tyler, 634 N.E.2d 912 (Mass. 1994).

In June, 1999, Tyler filed a second motion for a new trial, which was denied in June, 2001. A motion to reconsider that decision was filed in July, 2001, and denied in May, 2002. Tyler

-1-

sought leave to appeal the denial of his second motion for a new trial, which the SJC denied in September, 2004. Tyler then filed a third motion for a new trial in December, 2004, which is apparently still pending.

In December, 2004, Tyler filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and, concurrently, moved this Court to stay and hold that petition in abeyance during the pendency of state court proceedings. The Court allowed a stay of Tyler's petition until April 28, 2005. In May, 2005, Tyler filed a memorandum of law in support of his habeas petition and a motion to appoint counsel. In December, 2005, the Massachusetts Attorney General's office, on behalf of respondent David Nolan ("Nolan"), filed a motion to dismiss Tyler's petition on the grounds that it is time-barred. Well past the deadline for filing a response, Tyler moved in February, 2006, for an extension of time to oppose Nolan's motion. After consideration of the materials in support of the parties' pending motions, the Court agrees with the government that Tyler's habeas petition is time-barred.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was enacted on April 24, 1996, provides a one-year statute of limitations for petitions for writs of habeas corpus from state court judgments. See 28 U.S.C. § 2244(d)(1). The limitations period begins, as pertinent to this case, on the date

that the state court judgment becomes final after exhaustion on direct review or the expiration of time for seeking such review. Id. at § 2244(d)(1)(A).

Defendants convicted prior to the date that the AEDPA was enacted had one year from that date to file petitions for habeas corpus. See Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005) (citation omitted). Tyler's conviction became final upon expiration of the period for filing a petition for writ of certiorari in the United States Supreme Court. See 28 U.S.C. 2244(d)(1)(A); Voravongsa v. Wall, 349 F.3d 1, 2 (1st Cir. 2003). In this case, therefore, Tyler's state court judgment became final on September 14, 1994, which was 90 days after the SJC's decision affirming his conviction and denial of his motion for a new trial.

Tyler filed a petition for writ of habeas corpus in this case in December, 2004. Thus, unless the statute of limitations was tolled from April 24, 1997 until the date his petition was filed, that petition must be dismissed as time-barred. The limitations period for filing habeas petitions is tolled during the pendency of state-court review of post-conviction or collateral relief. See 28 U.S.C. § 2244(d)(2). In this case, Tyler filed second and third motions for a new trial in June, 1999 (denied) and December, 2004 (pending). Because the second motion for a new trial was filed after April 24, 1997, however,

it did not toll the applicable limitations period. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired". Cordle, 428 F.3d at 48 n.4 (citation and internal quotation marks omitted). In addition, Tyler has presented no evidence of "extraordinary circumstances" that would warrant equitable tolling of the limitations period. Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001). Consequently, his petition to this Court for a writ of habeas corpus must be dismissed as time-barred.

### ORDER

In accordance with the foregoing, Respondent's Motion to Dismiss Tyler's Petition for Writ of Habeas Corpus (Docket No. 12) is **ALLOWED**. In accordance therewith, Petitioner's Motion to Extend Time to Respond to the Motion to Dismiss (Docket No. 15) is **DENIED**, Petitioner's Motion for Appointment of Counsel (Docket No. 5) is **DENIED** and his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (undocketed) is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: February 13, 2006